NO. 07-04-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 18, 2004
_____

WILLIAM JAMES PEDDICORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 48220-E; HON. ABE LOPEZ, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant William James Peddicord appeals his conviction for possession of a controlled substanced, enhanced. Pursuant to a plea of guilty, but without benefit of an agreed recommendation from the State as to punishment, the trial court found that the evidence substantiated a finding of guilty and assessed punishment at 45 years in prison. Appellant appealed.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief wherein she certified that, after diligently searching the record, she concluded that the

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

appeal was without merit. Along with her brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response or brief *pro se.* By letter dated June 29, 2004, this court also notified appellant of his right to tender his own brief or response and set July 26, 2004, as the deadline to do so. On July 21, appellant filed a motion to extend the time to file a brief, which motion was granted and the deadline extended to August 25, 2004. This court also abated the appeal to obtain a completed certification of appellant's right to appeal. That certification has been received, and the appeal has been reinstated. To date, appellant has filed neither a response, brief, or another request for an extension.[2]

In compliance with the principles enunciated in *Anders*, appellate counsel discussed five potential areas for appeal. They involved 1) the voluntariness of appellant's plea, 2) whether appellant received a separate punishment hearing, 3) whether appellant was informed of the correct range of punishment, 4) the court's jurisdiction, and 5) whether appellant's prior juvenile adjudication was properly alleged in the indictment as an enhancement. However, appellate counsel then satisfactorily explained why each argument lacked merit.

We have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review has failed to reveal any error.

---

[2]Appellant did send the court a letter, received on September 29, 2004, in which he stated that he had written his lawyer to tell her he need "a time extention [sic]." He also stated he has sent in a "time reduction" to several persons and wants to continue to try to get his time reduced. Because an extension was previously granted him, because he does not explain why another is needed, and because he fails to specify the length of the extension sought, we overrule his request for a further delay.

2

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


Brian Quinn
Justice

Do not publish.